**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EFREN OCHOA VAZQUEZ,<br><br>                          Petitioner,<br><br>    v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>                          Respondents. | Case No. 26-cv-02037-BAS-DEB<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>(ECF No. 1)** |

Petitioner Efren Ochoa Vazquez filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming he was improperly re-detained after he was released into the United States.  (ECF No. 1.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It

- 1 -

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner presented himself at the United States border in 2023.  (ECF No. 1 ¶ 1.) He filed an application for asylum.  (*Id.* ¶ 3.)  The Department of Homeland Security ("DHS") placed him on the non-detained docket and permitted him to live at liberty in the United States while his case proceeded before the immigration court.  (*Id.* ¶ 4.) Petitioner complied with all the requirements imposed upon him by DHS.  (*Id.*¶ 6.) Nonetheless, Immigration and Customs Enforcement ("ICE") abruptly re-detained him without notice, without any intervening custody determination, and without any meaningful opportunity to be heard.  (*Id.*) There was no change in circumstances that precipitated this change in custody status.  (*Id.* ¶ 7.)  Petitioner seeks immediate release or a bond hearing.

## III.    ANALYSIS

Although the Government seems to agree that Petitioner is entitled to a bond hearing, it bases its concession on its belief that Petitioner's argument is based on the application of Section 1225(b) versus Section 1226(a). (ECF No. 4.)  However, that argument applies only to individuals who entered without inspection and were not apprehended upon arrival. Petitioner was apprehended at the border upon arrival, so he is subject to mandatory detention under Section 1225(b).  However, this Court agrees with Petitioner that his re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates his due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty.  *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers).  Thus, this Court agrees with those courts that have held:

26cv2037

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in 2023, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Efren Ochoa Vazquez (A#245-716-624) be released on the same terms and conditions as he was previously released in 2023.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 16, 2026**

_____

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2037